**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| PRASHANTH MUGALIHALLI DEVAR, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:23-CV-00159-ALM- |
| v. | § | AGD |
| | § | |
| DELTA AIR LINES, INC., | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

On January 23, 2023, *pro se* Plaintiff Prashanth Mugalihalli Devar initiated the instant

lawsuit through the filing of his Original Complaint in Precinct 1 of the Collin County, Texas

Justice Court, asserting claims that allegedly arose from Plaintiff's international flight from

Bangalore, India to Dallas, Texas (Dkt. #4). On February 28, 2023, Defendant Delta Air Lines,

Inc. filed a Notice of Removal (Dkt. #1). On April 18, 2023, Defendant filed a Motion to Dismiss,

or in the Alternative, a Motion for a More Definite Statement and Brief in Support (Dkt. #6). On

April 21, 2023, the court ordered Plaintiff to, no later than May 10, 2023, file a response to

Defendant's Motion to Dismiss or, in the alternative, the court granted Plaintiff leave of court to

file an amended complaint addressing the issues identified in Defendant's Motion to Dismiss (Dkt.

#7). The same day, the Clerk of Court sent Plaintiff the court's April 21, 2023, Order by First Class

and Certified Mail. On May 15, 2023, the Order was returned to the court because it was

unclaimed, and the post office was not able to forward the parcel (Dkt. #8). On May 18, 2023, the

court ordered Plaintiff to provide the Clerk of Court with an updated mailing address no later than

June 8, 2023 (Dkt. #9). That Order also contained the following language: "Failure to comply with

this Order may result in a recommendation for the dismissal of this lawsuit under Rule 41." (Dkt.

#9). On May 19, 2023, the Clerk of Court sent the May 18, 2023 Order to Plaintiff via Certified Mail, Return Receipt Requested. On June 26, 2023, the Order was returned to the court because it was unclaimed (Dkt. #10).

A district court may dismiss an action for failure to prosecute or to comply with any court order. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (quoting FED. R. CIV. P. 41(b)). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court abused its discretion. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979) (citation omitted); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (citation omitted). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (citation omitted).

Here, the court ordered Plaintiff to respond to Defendant's Motion to Dismiss (Dkt. #7) and for Plaintiff to provide his current physical mailing address to the court (Dkt. #9). Plaintiff failed to comply with either Order. Accordingly, the present case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute this case and comply with court orders. FED. R. CIV. P. 41(b); s*ee Isom v. Indio Mgmt. at the Everly*, No.4:20-CV-947-SDJ-CAN, 2021 WL 5501786, at *2 (E.D. Tex. Oct. 20, 2021) ("The court recommends the instant suit be dismissed under Rule 41(b) for failure to comply with court Orders and to diligently prosecute."), *report and recommendation adopted*, No.4:20-CV-947-SDJ, 2021 WL 5493377 (E.D. Tex. Nov. 23, 2021); *Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3044433, at *1 (E.D. Tex. July 2, 2021) (explaining that plaintiff's "failure to submit an updated mailing

address evinces his failure to prosecute his own case"), *report and recommendation adopted sub nom. Ernest Bob Shuemake v. Botie Hillhouse*, No. 6:18CV349, 2021 WL 3032725 (E.D. Tex. July 19, 2021); *Bennett v. Smith Cnty. Jail*, No. 6:21CV010, 2021 WL 930282, at *1 (E.D. Tex. Feb. 5, 2021) ("Plaintiff's failure to submit an updated mailing address evinces his failure to prosecute his own case."), *report and recommendation adopted sub nom. Bennett v. Smith*, No. 6:21-CV-00010, 2021 WL 926207 (E.D. Tex. Mar. 10, 2021).

## RECOMMENDATION

For the foregoing reasons, the court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b).

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

   **SIGNED this 14th day of March, 2024.**


_____
   AILEEN GOLDMAN DURRETT
   UNITED STATES MAGISTRATE JUDGE